MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

MAUREEN C. BESSETTE (CABN 165775)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: maureen.bessette@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 11-00371 SBA |
|     Plaintiff, ) | ORDER EXCLUDING TIME AND SETTING CONDITIONS OF RELEASE |
|     v. ) | OAKLAND VENUE |
| IGOR PURLANTOV, ) | |
|     Defendant. ) | |

    Following a hearing on June 21, 2011, the court enters this order documenting the release condition it imposed and the speedy trial exclusion it ordered on the record.

    1. **Release Condition**. Mr. Purlantov appeared in court voluntarily, and the parties agreed he would remain free on his own recognizance. At the request of the government, and without objection from the defendant, the court ordered as a condition of release that Mr. Purlantov shall not contact any witness in this matter either directly or indirectly outside the presence of his defense attorney.

    2. **Speedy Trial Exclusion**. For the reasons stated on the record, the court excluded time under the Speedy Trial Act from June 21, 2011 to October 13, 2011 (the date proposed for sentencing before the district court. A plea agreement has been lodged with the district court,

ORDER (CR11-00371 SBA)

1  and the parties represented that they would lodge a revised plea agreement shortly, which will
2  operate as a statutory speedy trial exclusion.  In addition, the court excluded time separately
3  under the Speedy Trial Act until October 13, 2011, finding that the ends of justice served by the
4  continuance outweigh the best interest of the public and the defendant in a speedy trial.  *See* 18
5  U.S.C. § 3161(h)(7)(A).  The Court made this finding and based this continuance on the
6  following factors:
7     (a) Failure to grant a continuance would unreasonably deny the defendant continuity of
8     counsel, given counsel's other scheduled case commitments, taking into account the exercise
9     of due diligence.  *See* 18 U.S.C. §3161(h)(7)(B)(iv).
10    (b) Failure to grant a continuance would unreasonably deny the defendant the reasonable
11    time necessary for effective preparation, taking into account the exercise of due diligence.
12    *See* 18 U.S.C. § 3161(h)(7)(B)(iv).
13 IT IS SO ORDERED.
14 DATED: June 21, 2011
15                             LAUREL BEELER
                            United States Magistrate Judge