UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>IGOR PURLANTOV,<br><br>    Defendant. | Case No:  CR 11-0371 SBA<br><br>**ORDER**<br><br>Docket 41 |

On December 14, 2011, Defendant Igor Purlantov ("Defendant") pled guilty to charges of wire fraud and tax evasion arising out of his taking $1,175,666 from the Swiss bank account of Mohammed Darwish ("Darwish") after Darwish had passed away. See Dkt. 23, 41. On January 17, 2012, the Court entered an Amended Judgment, which orders Defendant to, among other things, pay $97,972.33 in restitution to each of Darwish's brothers in law: Sami Yusuf Alami, Bashir Alami, Zuhayr Alami, Ina'Am Yusuf Alami, Adnan Yusuf Alami, and Sufian Yusuf Alami. See Dkt. 31, 33.

On May 2, 2012, the Court issued an Order denying a motion to revise the restitution order brought by Sami Yusuf Alami, Bashir Alami, Zuhayr Alami, Ina'Am Yusuf Alami, and Sufian Yusuf Alami (collectively, "the Alami Victims") under 18 U.S.C. § 3664(d)(5). Dkt. 40. On September 26, 2012, the Alami Victims filed a motion entitled "Motion to Substitute a Beneficiary of Restitution with Other Beneficiaries and/or Reallocate Restitution" in which they request the Court issue an amended restitution order removing Adnan Yusuf Alami ("Adnan") as a restitution beneficiary and allocating his portion of the restitution equally among the Alami Victims. Id. Alternatively, the Alami Victims request the Court issue an amended restitution order allocating Adnan's portion of the restitution

equally among the Alami Victims without removing him as a restitution beneficiary. Id. The Alami Victims contend that Adnan "should not share in restitution" because he is "not considered a valid beneficiary entitled to any of [Darwish's] estate since he passed away prior to [Darwish's] death." Id.

The Court construes the Alami Victims' motion as a request for reconsideration of the Court's May 2, 2012 Order denying their motion to revise the restitution order, which requested the same relief; namely, that the Court issue an order removing Adnan from the restitution order and allocating his portion of the restitution equally among the Alami Victims. See Dkt. 33, 40. The Federal Rules of Criminal Procedure do not expressly allow for motions for reconsideration. U.S. v. Armstrong, 2012 WL 4953079, at *2 (N.D. Cal. 2012). However, courts in this district examine motions for reconsideration in a criminal case with the same standards applied in a civil context. Id.; see Crim. L.R. 2-1 ("The provisions of the Civil Local Rules of the Court shall apply to criminal actions and proceedings, except where they may be inconsistent with these criminal local rules, the Federal Rules of Criminal Procedure or provisions of law specifically applicable to criminal cases.").

Under the Civil Local Rules, a party may not move for reconsideration without first obtaining leave of Court. Civ. L.R. 7-9(a). A party moving for leave to file a motion for reconsideration must show: (1) "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," and "that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; or (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any . . . argument made by the applying party in support of . . . the interlocutory order which the party now seeks to have reconsidered. Any

party who violates this restriction shall be subject to appropriate sanctions." Civ. L.R. 7-9(c).

The Court finds that the instant motion does not comply with the Local Rules governing motions for reconsideration. As an initial matter, the Alami Victims failed to obtain leave of Court prior to filing their motion. Moreover, even if the Court were to construe the Alami Victims' motion as a motion requesting leave to file a motion for reconsideration, the Alami Victims have failed to demonstrate that reconsideration is warranted. The Alami Victims' have not shown that any material difference in fact or law exists from that which was presented to the Court before entry of the May 2, 2012 Order, and that in the exercise of reasonable diligence they did not know such fact or law at the time of the Order. Nor have the Alami Victims' shown that new material facts have emerged or that a change in law has occurred after the Court issued its May 2, 2012 Order. Finally, the Alami Victims' have not shown a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before it issued its May 2, 2012 Order.

Accordingly,

IT IS HEREBY ORDERED THAT

1. The Alami Victims' Motion to Substitute a Beneficiary of Restitution with Other Beneficiaries and/or Reallocate Restitution is DENIED.

2. This Order terminates Docket 41.

IT IS SO ORDERED.

Dated: 7/1/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge